UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GIN UNITE LLC,<br><br>Petitioner,<br><br>v.<br><br>FEDERAL TRADE COMMISSION,<br><br>Respondent. | Case No. 1:23-mc-00078<br><br>**MEMORANDUM DECISION AND ORDER OF TRANSFER** |

# INTRODUCTION

Before the Court is Petitioner GIN Unite's motion to quash (Dkt. 1). Respondent Federal Trade Commission opposes the motion and requests the Court transfer the case to the Northern District of Illinois. For the reasons explained below, the Court will transfer the motion to the Northern District of Illinois.

# BACKGROUND

The United States District Court for the Northern District of Illinois has overseen the litigation between the Federal Trade Commission and Kevin Trudeau for about two decades. During that litigation, the Northern District of Illinois held Trudeau in contempt for wrongfully failing to disclose his beneficial interest in various lucrative enterprises. The Northern District of Illinois has scheduled a

MEMORANDUM DECISION AND ORDER - 1

March 9 evidentiary hearing to determine whether Trudeau has purged his contempt by assessing "the assets that Mr. Trudeau allegedly controls or owns that he hasn't disclosed, either currently, or in the past." (N.D. Ill. Dkt 1016.)

The Global Information Network has apparently played a significant role in Trudeau's "elaborate scheme . . . to put his assets beyond the reach of the FTC." N.D. Ill. May 21, 2013 Tr. at 123:12-18. Trudeau once owned GIN, but while liquidating his assets, the Receiver sold GIN to Petitioner AXS Consulting LLC, an Idaho entity. After the purchase, AXS changed its name to GIN Unite LLC. Trudeau no longer owns GIN Unite, but he is a GIN Unite employee.

Of Trudeau's witness list for the March 9 hearing, nearly 40 percent of the potential witnesses are GIN Unite leaders, members, or employees. Upon receiving the witness list, the FTC issued a subpoena to GIN Unite, which is now at issue.

## DISCUSSION

Federal Rule of Civil Procedure 45 sets out the rules for subpoenas. It provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The advisory notes further explain,

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed

> that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

*Id.* (advisory committee notes to 2013 amendments). Finally, "the proponent of transfer bears the burden of showing that such circumstances are present." *Id.* The Court finds that transfer is warranted here.

The Northern District of Illinois has been managing the Trudeau litigation for almost two decades. The subpoena at issue is intertwined with that court's contempt order. For this Court to decide the motion to quash would disrupt the Norther District of Illinois's enforcement of its own order. In addition, allowing the Northern District to resolve this issue avoids disrupting the scheduled evidentiary hearing.

Moreover, the complexity of the underlying case is an exceptional circumstance. The Northern District of Illinois is familiar with Mr. Trudeau's "elaborate schemes" and is in a much better position to assess GIN Unite's arguments that the subpoena's deposition demand is unduly burdensome.

These interests outweigh the GIN Unite's interests in obtaining local

**MEMORANDUM DECISION AND ORDER - 3**

resolution of the motion. The FTC asserts—and GIN Unite does not dispute—that the only connection to the District of Idaho is that it is the place of GIN Unite LLC's formation. GIN Unite's owners are not in Idaho. Trudeau is not in Idaho. And, apparently, GIN Unite has no operations in Idaho.

## ORDER

**IT IS ORDERED that:**

1. The motion to quash (Dkt. 1) is TRANSFERRED to the Northern District of Illinois.

2. The Court is directed to close this case.

DATED: March 3, 2023

B. Lynn Winmill
U.S. District Court Judge